UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, and THEODORE BISBICOS, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>v.<br>COMPASS, INC.; EXP WORLD HOLDINGS, INC., REDFIN CORPORATION; WEICHERT, REALTORS; UNITED REAL ESTATE GROUP; HOWARD HANNA REAL ESTATE SERVICES; and DOUGLAS ELLIMAN INC.,<br>　　　　　　Defendants. | Case No. 1:23-cv-15618<br>Honorable Judge Chang |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's November 13, 2023 and December 5, 2023 orders (ECF Nos. 12, 41), Plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, James Mullis, and Theodore Bisbicos ("Plaintiffs"), by and through their undersigned attorneys, and Defendants Compass, Inc, eXp World Holdings, Inc., Redfin Corporation, Weichert, Realtors, United Real Estate Group, Howard Hanna Real Estate Services, and Douglas Elliman Inc. ("Defendants"), by and through their undersigned attorneys, respectfully submit this joint status report.

1

## I. NATURE OF THE CASE

### A. Attorneys of Record (*see also* the signature block hereto)

#### 1. Plaintiffs and the Proposed Class

| | |
|---|---|
| George A. Zelcs (lead trial attorney) | Carol O'Keefe |
| Randall P. Ewing, Jr. | Vincent Briganti |
| Ryan Z. Cortazar | Christian Levis |
| Michael E. Klenov | Noelle Forde |

#### 2. Defendants

| Defendant | Attorneys of Record |
|---|---|
| Compass, Inc. | Chahira Solh (lead trial attorney) |
| | Daniel A. Sasse |
| | Eric Fanchiang |
| eXp World Holdings, Inc. | Stephen J. Siegel (lead trial attorney) |
| | Michael Gehret |
| | Karrie Clinkinbeard |
| | Andrew D. Campbell |
| | Elizabeth C. Wolicki |
| | Julie Johnston-Ahlen |
| | Francis X. Riley III |
| Redfin Corporation | Karen Dunn (lead trial attorney) |
| | William A. Isaacson |
| | Robert Y. Sperling |
| | Eyitayo St. Matthew-Daniel |

| | |
|---|---|
| | Josh Soven |
| | Martha L. Goodman |
| | Bryon P. Becker |
| Weichert, Realtors | Mike Scarborough (lead trial attorney) |
| | Dylan Ballard |
| | Adam Hudes |
| | Stephan Medlock |
| United Real Estate Group | Tim Beyer (lead trial attorney) |
| | Jim Lawrence |
| | Lindsay Johnson |
| | Emilee Hargis |
| Howard Hanna Real Estate Services | Seth P. Waxman (lead trial attorney) |
| | David Gringer |
| | Karin Dryhurst |
| | Emily Barnet |
| | Eric Soller |
| | William Pietragallo II |
| Douglas Elliman Inc. | Marc E. Kasowitz (lead trial attorney) |
| | Hector Torres |
| | Constantine "Dean" Z. Pamphilis |
| | Kenneth R. David |
| | George D. Sax |

B.     **Basis for Federal Jurisdiction**

Plaintiffs assert that the Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337. This case arises under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. Plaintiffs also assert that the Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2), because the putative classes contain more than 100 persons, the aggregate amount allegedly in controversy exceeds $5,000,000, and at least one member of each class is a citizen of a State different from Defendants.

C.     **Nature of the Claims**

Plaintiffs' Position: Plaintiffs, purchasers of residential real estate, allege that the Defendant real estate brokers and their co-conspirator, the National Association of Realtors ("NAR"), engaged in a conspiracy to inflate the amount of their real estate commissions to Plaintiffs' detriment. Plaintiffs allege that Defendants did so by jointly agreeing to a set of anticompetitive practices, including, but not limited to, prohibiting the negotiation of buyer-agent commissions, agreeing to permit buyer-agents to misrepresent their services as free, and agreeing to restrict access to lockboxes and MLS access to only those brokers that comply with these anticompetitive practices. Plaintiffs seek to represent two classes: (1) a nationwide class seeking injunctive and equitable relief brought under federal law; and (2) a damages class for purchasers of real estate within certain states brought under state law.

Defendants' Position: Defendants dispute Plaintiffs' claims and allegations in their entirety. Among other things, there are no factual allegations supporting Plaintiffs' conclusory assertion that the Defendants made any agreement with each other, much less an agreement that violates the antitrust laws. Defendants also dispute Plaintiffs' claims that they have standing or are appropriate class representatives; that Defendants entered into any anticompetitive

agreements or otherwise engaged in any anticompetitive behavior; that this venue is appropriate; that there is personal jurisdiction over all Defendants; that a class action is an appropriate vehicle for this matter; that either of the classes alleged are adequate or proper; that any of the Plaintiffs have been harmed by any purported conduct by Defendants; and that Plaintiffs have pleaded enough facts to survive a motion to dismiss. Defendants also reserve their rights to argue that Plaintiffs were required to arbitrate their claims or that this lawsuit is otherwise improper.

### D. Major Legal and Factual Issues in the Case

The major factual and legal issues in this case include:

- Whether Defendants' conduct constitutes an illegal restraint of trade in violation of 15 U.S.C. § 1, including but not limited to whether Defendants entered into an agreement, whether they entered into an agreement that resulted in inflated agent commissions, and whether such an agreement, if proven, would have violated the antitrust laws;

- Whether Plaintiffs' claims are subject to the per se analysis, the rule of reason, or the quick look analysis;

- Whether Plaintiffs and putative class members were harmed as a result of Defendants' conduct;

- Whether Plaintiffs' claims are suitable for class action treatment;

- Whether Plaintiffs' purported classes are sufficiently defined or proper, and whether Plaintiffs otherwise satisfy the requirements to certify the alleged class;

- Whether Defendants' conduct violates various state antitrust and consumer protection laws;

- Whether Defendants' conduct constitutes unjust enrichment;

- Whether Plaintiffs are entitled to compensatory damages and/or other monetary relief;

- Whether Plaintiffs are entitled to injunctive or declaratory relief and the scope of such relief;

- Whether Plaintiffs' claims were timely filed;

- Whether Plaintiffs have antitrust standing; and

- Whether there is personal jurisdiction over Defendants.

### E. Relief Sought by the Parties

Plaintiffs' Position: Plaintiffs seek damages, declaratory relief that Defendants' conduct violates federal and state law, pre- and post-judgment interest, costs of suit and attorneys' fees, and injunctive and other equitable relief.

Defendants' Position: Defendants deny that Plaintiffs are entitled to any relief.

## II. PENDING MOTIONS AND CASE PLAN

### A. The Status of Service of Process on All Defendants

All Defendants have been served or have executed a waiver of the service of summons.[1]

### B. Identify all Pending Motions

There are currently no pending motions. On December 4, 2023, the parties filed joint motions requesting extensions of time for Defendants to respond to Plaintiffs' Complaint (ECF No. 1). *See* ECF Nos. 28 and 29. On December 5, 2023, this Court granted in part and denied in part those motions. Responses to the Complaint are now due January 26, 2024. *See* ECF No. 41.

### C. Joinder and Motion to Relate and Reassign

The Court requested that the parties include in this report a section addressing joinder. *See* ECF No. 41.

Plaintiffs' Position: Rather than move to join additional parties, Plaintiffs intend to file a motion to relate this case to *Batton v. NAR*, 1:21-cv-00430 (N.D. Ill.) ("*Batton I*") and reassign it to the Honorable Judge Andrea R. Wood. Plaintiffs believe, among other reasons, that a substantial savings of judicial time and effort will be achieved by reassignment. Both actions

---

[1] In submitting this joint status report, Defendants do not waive any defenses that may be available to them, including without limitation any defenses relating to service, process, and jurisdiction.

involve similar conduct and common legal standards and neither has progressed beyond motions to dismiss.

Defendants' Position: Defendants do not oppose Plaintiffs' motion under Local Rule 40.4 to relate this case to *Batton I* and reassign this action to the Honorable Judge Andrea R. Wood.

**D. Discovery Plan**

i. **Types of discovery needed:** At the appropriate time, the parties will require fact discovery, including, but not limited to, the production of documents and taking of depositions concerning the adoption, implementation, and effects of the rules and practices identified in the Complaint, documents produced and testimony provided by Defendants in related litigation and regulatory investigations, and information regarding plaintiffs' home purchases. The parties will also require expert discovery, including but not limited to, the impact or lack thereof of Defendants' practices on Plaintiffs and the classes, damages, and/or the propriety of class certification.

ii. **Proposed Case Schedule:**

Plaintiffs' Position: Although Plaintiffs anticipate the case schedule may be affected by Plaintiffs' motion to relate and reassign this case, Plaintiffs propose the following discovery schedule:

| Item | Proposed Deadline |
|---|---|
| Rule 26(a)(1) Disclosures | January 29, 2024 |
| Issuance of first set of written discovery requests | February 22, 2024 |
| Substantial completion of production of documents responsive to requests for production | September 23, 2024 |
| Plaintiffs to file their motion for class certification and supporting expert reports | March 20, 2025 |
| Defendants to file their responses to Plaintiffs' class certification motion and supporting expert reports, and *Daubert* | May 22, 2025 |

Case: 1:23-cv-15618 Document #: 70 Filed: 12/14/23 Page 8 of 15 PageID #:206

| Item | Proposed Deadline |
|---|---|
| motions directed to Plaintiffs' class certification experts | |
| Plaintiffs to file their reply in support of class certification and supporting rebuttal expert reports, responses to Defendants' *Daubert* motions regarding Plaintiffs' class certification experts, and *Daubert* motions regarding Defendants' class certification experts | July 25, 2025 |
| Defendants to file their replies in support of their *Daubert* motions regarding Plaintiff's class certification experts and responses to Plaintiffs' *Daubert* motions regarding Defendants' class certification experts | September 25, 2025 |
| Plaintiffs to file their replies in support of their *Daubert* motions | October 23, 2025 |
| Completion of fact discovery | December 19, 2025 |
| Dispositive motions due | February 4, 2026 |

Defendants' Position: Defendants respectfully submit that it is premature to propose specific discovery deadlines at this time given that Plaintiffs intend to move to relate this case to *Batton I* and reassign it to the Honorable Judge Andrea R. Wood, who is presiding over *Batton I*, and Defendants do not oppose that reassignment. The parties have also agreed that should Plaintiffs' motion to reassign be granted, and subject to Judge Wood's approval, Defendants will have forty-five days after Judge Wood issues a ruling on the motion to dismiss pending in *Batton I* to respond to the complaint; Plaintiffs will have forty-five days to respond to any motions filed by Defendants in response to the complaint; and Defendants will have thirty days to file any replies to Plaintiffs' responses. Defendants submit that any specific discovery deadlines should be set only after resolution of the forthcoming motion to relate and reassign this case. Notably, neither a pre-trial nor a discovery schedule has been set yet in *Batton I*.

In addition, Defendants respectfully submit that, regardless of this Court's disposition of Plaintiffs' forthcoming motion to relate and reassign this case, like in *Batton I,* discovery (and

8

the setting of a pre-trial schedule) should be stayed pending resolution of their forthcoming motions to dismiss. Defendants intend to file motions to dismiss for failure to state a claim, and certain Defendants also intend to file motions to dismiss for lack of personal jurisdiction. A stay is appropriate while the Court considers these motions and resolves, among other things, any threshold jurisdictional issues. Defendants expect that the Court's rulings on the forthcoming motions to dismiss may obviate, or at least impact, the proper scope of discovery in this case, including but not limited to the relevant parties, claims, and time period. All parties and the Court may avoid the cost and burden of unnecessary discovery by beginning discovery after rulings on the forthcoming motions. Defendants request that the parties be allowed to confer and submit a proposed case schedule once those rulings have issued. Defendants are prepared to brief their request for a discovery stay if the Court deems briefing helpful and appropriate.

### E. Jury Trial Requested

Plaintiffs have made a jury demand. They estimate the length of the trial to be three weeks.

### F. Agreement to Electronic Service

The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

## III. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Counsel have informed their respective clients that they may proceed before a Magistrate Judge. The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes.

## IV. STATUS OF SETTLEMENT DISCUSSIONS

The parties have not yet engaged in settlement discussions. The parties do not request a settlement conference at this time.

Respectfully submitted,

Dated: December 14, 2023

*/s/ Christian Levis*
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Noelle Feigenbaum (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
nfeigenbaum@lowey.com

George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Michael E. Klenov (Ill. Bar No. 6300228)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
mklenov@koreintillery.com
cokeefe@koreintillery.com

*Attorneys for Plaintiff and the Proposed Class*

/s/ *Robert Y. Sperling*
Robert Y. Sperling (Ill. Bar No. 2688093)
Eyitayo St. Matthew-Daniel (pro hac vice)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
tstmatthewdaniel@paulweiss.com

Karen Dunn (admitted *pro hac vice*)
William A. Isaacson (admitted pro hac vice)
Josh Soven (admitted pro hac vice)
Martha L. Goodman (admitted pro hac vice)
Bryon P. Becker (admitted pro hac vice)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
kdunn@paulweiss.com
wisaacson@paulweiss.com
jsoven@paulweiss.com
mgoodman@paulweiss.com
bpbecker@paulweiss.com

*Attorneys for Redfin Corporation*

*/s/ Stephen J. Siegel*
Stephen J. Siegel (#6209054)
ssiegel@atllp.com
Andrew D. Campbell (#6269494)
acampbell@atllp.com
Elizabeth C. Wolicki (#6297990)
ewolicki@atllp.com
Julie Johnston-Ahlen (#6277736)
jjohnston@atllp.com
Armstrong Teasdale LLP
100 N. Riverside Plaza
Chicago, IL 60606-1501
(312) 419-6900 (phone)

Michael Gehret (*pro hac vice application forthcoming*)
mgehret@atllp.com
Armstrong Teasdale LLP
222 South Main Street
Suite 1830
Salt Lake City, UT 84101
(801) 401-1600 (phone)

Karrie Clinkinbeard (*pro hac vice application forthcoming*)
kclinkinbeard@atllp.com
Armstrong Teasdale LLP
2345 Grand Boulevard
Suite 1500
Kansas City, MO 64108-2617
(816) 221-3420 (phone)

Francis X. Riley III (*pro hac vice application forthcoming*)
*francis.riley@saul.com*
Saul Ewing LLP
650 College Road East, Suite 4000
Princeton, NJ 08540-6603
(609) 452-3150

*Attorneys for eXp World Holdings, Inc.*

11

*/s/ Seth P. Waxman*
Seth P. Waxman *(admitted pro hac vice)*
Karin Dryhurst *(admitted pro hac vice)*
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com

David Z. Gringer *(admitted pro hac vice)*
Emily Barnet *(admitted pro hac vice)*
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Eric Soller (*pro hac vice application forthcoming*)
William Pietragallo II (*pro hac vice application forthcoming*)
Quintin DiLucente (*pro hac vice application forthcoming*)
Pietragallo Gordon Alfano
  Bosick & Raspanti, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
EGS@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

*Attorneys for Howard Hanna Real Estate Services*

*/s/ James D. Lawrence*
James D. Lawrence (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Email: jim.lawrence@bclplaw.com

Timothy R. Beyer (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
Email: tim.beyer@bclplaw.com

Lindsay Sklar Johnson (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
Email: lindsay.johnson@bclplaw.com

Emilee L. Hargis, IL #6325656 (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
211 N. Broadway
St. Louis, MO 63102
Telephone: (314) 259-2028
Email: emilee.hargis@bclplaw.com

*Attorneys for United Real Estate*

*/s/ Michael W. Scarborough*
Michael W. Scarborough (admitted *pro hac vice*)
Dylan I. Ballard (admitted *pro hac vice*)
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979–6900
mscarborough@velaw.com
dballard@velaw.com

Adam L. Hudes (admitted *pro hac vice*)
Stephen M. Medlock
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639–6500
ahudes@velaw.com
smedlock@velaw.com

*Attorneys for Weichert Real Estate Affiliates, Inc., d/b/a/ Weichert Realtors*

*/s/ Chahira Solh*
Chahira Solh (*pro hac vice application forthcoming*)
Daniel A. Sasse (*pro hac vice application forthcoming*)
Eric Fanchiang (*pro hac vice application forthcoming*)
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com
efanchiang@crowell.com

*Attorneys for Compass, Inc.*

13

*/s/ George D. Sax*
George D. Sax, Esq. (Atty No. 6279686)
SCHARF BANKS MARMOR LLC
333 W. Wacker Drive, Suite 450
Chicago, Illinois 60606
(312) 726-6000
gsax@scharfbanks.com

Marc E. Kasowitz (admitted *pro hac vice*)
Hector Torres (admitted *pro hac vice*)
Kenneth R. David (admitted *pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Phone: 212.506.1700
Facsimile: 212.506.1800
Email: mkasowitz@kasowitz.com
Email: htorres@kasowitz.com
Email: kdavid@kasowitz.com

Constantine "Dean" Z. Pamphilis (admitted *pro hac vice*)
KASOWITZ BENSON TORRES LLP
1415 Louisiana Street, Suite 2100
Houston, TX 77002
Phone: 713.220.8800
Facsimile: 713.222.0843
Email: dpamphilis@kasowitz.com

*Attorneys for Douglas Elliman Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2023, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: December 14, 2023 *Christian Levis*
Christian Levis