UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, and THEODORE BISBICOS, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>v.<br>COMPASS, INC.; EXP WORLD HOLDINGS, INC., REDFIN CORPORATION; WEICHERT, REALTORS; UNITED REAL ESTATE GROUP; HOWARD HANNA REAL ESTATE SERVICES; and DOUGLAS ELLIMAN INC.,<br>　　　　　　Defendants. | Case No. 1:23-cv-15618<br><br>Honorable Judge Andrea R. Wood |

**REASSIGNMENT STATUS REPORT**

Pursuant to the Court's January 30, 2024 order (ECF No.84), Plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, James Mullis, and Theodore Bisbicos ("Plaintiffs"), by and through their undersigned attorneys, and Defendants Compass, Inc., eXp World Holdings, Inc., Redfin Corporation, Weichert, Realtors, United Real Estate Group, Howard Hanna Real Estate Services, and Douglas Elliman Inc. ("Defendants"), by and through their undersigned attorneys, respectfully submit this joint Reassignment Status Report.

1

1. NATURE OF THE CASE

    A. **Attorneys of Record** (*see also* the signature block hereto)

        1. **Plaintiffs and the Proposed Class**

| | |
|---|---|
| George A. Zelcs (lead trial attorney) | Carol O'Keefe |
| Randall P. Ewing, Jr. | Vincent Briganti |
| Ryan Z. Cortazar | Christian Levis |
| Michael E. Klenov | Noelle Forde |

        2. **Defendants**

| Defendant | Attorneys of Record |
|---|---|
| Compass, Inc. | Chahira Solh (lead trial attorney) <br><br> Daniel A. Sasse <br><br> Eric Fanchiang |
| eXp World Holdings, Inc. | James A. Morsch (lead trial attorney) <br><br> Jason McElroy <br><br> Francis X. Riley, III |
| Redfin Corporation | Karen Dunn (lead trial attorney) <br><br> William A. Isaacson <br><br> Robert Y. Sperling <br><br> Eyitayo St. Matthew-Daniel <br><br> Josh Soven <br><br> Martha L. Goodman <br><br> Bryon P. Becker |

| **Defendant** | **Attorneys of Record** |
|---|---|
| Weichert, Realtors | Mike Scarborough (lead trial attorney) |
| | Dylan Ballard |
| | Adam Hudes |
| | Stephen Medlock |
| United Real Estate Group | Tim Beyer (lead trial attorney) |
| | Jim Lawrence |
| | Lindsay Johnson |
| | Emilee Hargis |
| Howard Hanna Real Estate Services | Seth P. Waxman (lead trial attorney) |
| | David Gringer |
| | Karin Dryhurst |
| | Emily Barnet |
| | Eric Soller |
| | William Pietragallo II |
| Douglas Elliman Inc. | Marc E. Kasowitz (lead trial attorney) |
| | Hector Torres |
| | Constantine "Dean" Z. Pamphilis |
| | Kenneth R. David |
| | George D. Sax |

B.     **Service of Process**

Although a real estate agent purported to accept service on behalf of Howard Hanna Real Estate Services, on December 20, 2023, counsel for Howard Hanna Real Estate Services informed Plaintiffs that Howard Hanna Real Estate Services is not a legal entity; that agent did not have authority to accept service; and that the holding company for the Hanna Family Companies is Hanna Holdings, Inc. On January 22, 2024, counsel for Howard Hanna confirmed that they would consent to an amendment to the Complaint naming Hanna Holdings, Inc. Plaintiffs have not amended or served Hanna Holdings, Inc. Now that this case has been assigned to Your Honor, Plaintiffs intend to amend their Complaint for the limited purpose of naming Hanna Holdings, Inc. soon.

All other Defendants have been served or have executed a waiver of the service of summons.[1]

C.     **Basis for Federal Jurisdiction**

Plaintiffs assert that the Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337. This case arises under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. Plaintiffs also assert that the Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2), because the putative classes contain more than 100 persons, the aggregate amount allegedly in controversy exceeds $5,000,000, and at least one member of each class is a citizen of a State different from at least one Defendant.

The named parties are citizens of the following states:

---

[1] In submitting this joint status report, Defendants do not waive any defenses that may be available to them, including without limitation any defenses relating to service, process, arbitration, and jurisdiction.

| Party | Name | Citizenship/Residency |
|---|---|---|
| Plaintiff | Mya Batton | Tennessee |
| Plaintiff | Aaron Bolton | Florida |
| Plaintiff | Michael Brace | Kansas |
| Plaintiff | Do Yeon Irene Kim | Florida |
| Plaintiff | Anna James | North Carolina |
| Plaintiff | James Mullis | Nevada |
| Plaintiff | Theodore Bisbicos | Massachusetts |
| Defendant | Compass, Inc. | Incorporated in Delaware with its principal place of business in New York |
| Defendant | eXp World Holdings, Inc. | Incorporated in Delaware with its principal place of business in Bellingham, Washington |
| Defendant | Redfin Corporation | Incorporated in Delaware with its principal place of business in Seattle, Washington |
| Defendant | Weichert, Realtors | Defendants assert that there is no actual entity named Weichert, Realtors, thus it is not incorporated and does not have a principal place of business |
| Defendant | United Real Estate Group | Defendants assert that there is no actual entity named United Real Estate Group, thus it is not incorporated and does not have a principal place of business |
| Defendant | Howard Hanna Real Estate Services | Defendants assert that there is no actual entity named Howard Hanna Real Estate Services, thus it is not incorporated and does not |

| Party | Name | Citizenship/Residency |
|---|---|---|
| | | have a principal place of business |
| Defendant | Douglas Elliman Inc. | Incorporated in Delaware with its principal place of business in Florida |

### D. Nature of the Claims and Relief Sought

Plaintiffs' Position: Plaintiffs, purchasers of residential real estate, allege that the Defendant real estate brokers and their co-conspirator, the National Association of Realtors ("NAR"), engaged in a conspiracy to inflate the amount of their real estate commissions to Plaintiffs' detriment. Plaintiffs allege that Defendants did so by jointly agreeing to a set of anticompetitive practices, including, but not limited to, prohibiting the negotiation of buyer-agent commissions, agreeing to permit buyer-agents to misrepresent their services as free, and agreeing to restrict access to lockboxes and MLS access to only those brokers that comply with these anticompetitive practices. Plaintiffs seek to represent two classes: (1) a nationwide class seeking injunctive and equitable relief brought under federal law; and (2) a damages class for purchasers of real estate within certain states brought under state law.

Defendants' Position: Defendants dispute Plaintiffs' claims and allegations in their entirety. Among other things, there are no factual allegations supporting Plaintiffs' conclusory assertion that the Defendants made any agreement with each other, much less an agreement that violates the antitrust laws. Defendants also dispute Plaintiffs' claims that they have standing or are appropriate class representatives; that Defendants entered into any anticompetitive agreements or otherwise engaged in any anticompetitive behavior; that this venue is appropriate; that there is personal jurisdiction over all Defendants; that a class action is an appropriate vehicle

for this matter; that either of the classes alleged is adequate or proper; that any of the Plaintiffs have been harmed by any purported conduct by Defendants; and that Plaintiffs have pleaded enough facts to survive a motion to dismiss. Defendants also reserve their rights to argue that Plaintiffs were required to arbitrate their claims or that this lawsuit is otherwise improper.

**2. DISCOVERY AND OTHER PROCEEDINGS TO DATE**

    **A. Discovery Status**

The parties have not yet commenced discovery nor have discovery deadlines been set. On January 17, 2024, the Honorable Edmond E. Chang granted Defendants' unopposed motion to suspend Defendants' pleading deadlines during the pendency of Plaintiffs' motion to reassign the case to Your Honor. *See* ECF No. 82. The case was reassigned to Your Honor on January 24, 2024. *See* ECF No. 83.

Plaintiffs' Position: Plaintiffs anticipate serving discovery following Defendants motion to dismiss or, at the latest, following this Court's rulings on the pending motions in *Batton I*, discussed below. The scope of this case, and therefore Defendants' motions to dismiss, are likely to be informed by this Court's rulings in *Batton I*. Accordingly, once the Court rules in *Batton I*, both Parties will be able to tailor their discovery requests to avoid any unnecessary burden or duplicative discovery. Plaintiffs therefore do not believe any discovery stay is necessary or warranted.

Defendants' Position: Defendants intend to file motions to dismiss for failure to state a claim, and certain Defendants also intend to file motions to dismiss for, among other things, lack of personal jurisdiction. Defendants expect that the Court's rulings on these forthcoming motions to dismiss may obviate, or at least impact, the proper scope of discovery in this case, including but not limited to the relevant parties, claims, and time period. All parties and the Court may

7

avoid the cost and burden of unnecessary discovery by beginning discovery after rulings on the forthcoming motions. Defendants therefore respectfully submit that discovery should be stayed pending resolution of their forthcoming motions to dismiss and request that the parties be allowed to confer and submit a proposed case schedule once those rulings have issued. Defendants are prepared to brief their request for a discovery stay if the Court deems briefing helpful and appropriate.

### B. Pending Motions

There are currently no pending motions. However, there is a motion pending before the Judicial Panel on Multidistrict Litigation ("JPML") seeking to centralize this case and several others, including *Batton v. National Association of Realtors* ("*Batton I*"), No. 21-cv-430 (N.D. Ill.), which is also pending before Your Honor. *See In re: Real Estate Commission Antitrust Litigation*, MDL No. 3100. The JPML hearing has not yet been scheduled, though the JPML is next set to convene on March 28, 2024.

As previously noted, all Defendants intend to file motions to dismiss for failure to state a claim and certain Defendants also intend to file motions to dismiss for, among other things, lack of personal jurisdiction. Additionally, motions to dismiss in *Batton I* are fully briefed. *See Batton I*, ECF Nos. 92, 93, & 97-100. The parties previously agreed that if this case were reassigned to your Honor, Defendants would have forty-five days after a ruling on the motions to dismiss pending in Batton I to respond to the complaint; Plaintiffs would have forty-five days to respond to any motions filed by Defendants in response to the complaint; and Defendants would have thirty days to file any replies to Plaintiffs' responses. *See* ECF No. 70 at 8.

### C. Substantive Rulings

No substantive rulings have yet been issued in this case.

3. Trial

    A. Jury Demand

Plaintiffs have made a jury demand.

    B. Trial Date

<u>Plaintiffs' Position</u>: Plaintiffs anticipate that the parties will be ready for trial by February 2026.

<u>Defendants' Position</u>: Defendants anticipate that the parties will be ready for trial by February 2027.

    C. Pretrial Orders

No pretrial orders have been filed and no deadline is yet set for the filing of such orders.

    D. Estimated Length of Trial

The parties estimate that the length of trial will be at least four to six weeks.

4. Referrals and Settlement

    A. Magistrate Judge

On November 3, 2023, the case was assigned to the Honorable Edmond E. Chang, and the Honorable Beth W. Jantz was designated as Magistrate Judge. On January 3, 2024, counsel filed a joint status report notifying the court that they had informed their respective clients that they may proceed before a Magistrate Judge and that the parties do not unanimously consent to proceed before a Magistrate Judge for all purposes. ECF No. 78. The case has therefore not been referred to a Magistrate Judge for any purpose.

    B. Settlement Discussions

The parties have not engaged in settlement discussions.

### C. Settlement Conference

The parties do not request a settlement conference at this time.

Respectfully submitted,

Dated: February 14, 2024

<div style="column-count:2">

*/s/.Claire Noelle Forde*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Claire Noelle Forde (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Michael E. Klenov (Ill. Bar No. 6300228)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
mklenov@koreintillery.com
cokeefe@koreintillery.com

*Attorneys for Plaintiff and the Proposed Class*

*/s/ Robert Y. Sperling*
Robert Y. Sperling (Ill. Bar No. 2688093)
Eyitayo St. Matthew-Daniel (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
tstmatthewdaniel@paulweiss.com

Karen Dunn (admitted *pro hac vice*)
William A. Isaacson (admitted *pro hac vice*)
Josh Soven (admitted *pro hac vice*)
Martha L. Goodman (admitted *pro hac vice*)
Bryon P. Becker (admitted *pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
kdunn@paulweiss.com
wisaacson@paulweiss.com
jsoven@paulweiss.com
mgoodman@paulweiss.com
bpbecker@paulweiss.com

*Attorneys for Redfin Corporation*

</div>

/s/ James A. Morsch
James A. Morsch (#6209558)
Saul Ewing LLP
321 N. Clark, Suite 4200
Chicago, IL  60601
(312) 876-7866 (phone)

Francis X. Riley, III (admitted *pro hac vice*)
francis.riley@saul.com
Saul Ewing LLP
650 College Road East
Suite 4000
Princeton, NJ 08540
(609) 452-3142 (phone)

*Attorneys for eXp World Holdings, Inc.*


/s/ Seth P. Waxman
Seth P. Waxman *(*admitted *pro hac vice*)
Karin Dryhurst *(*admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com

David Z. Gringer *(*admitted *pro hac vice*)
Emily Barnet *(*admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Eric Soller (*pro hac vice application forthcoming*)
William Pietragallo II (*pro hac vice application forthcoming*)
Quintin DiLucente (*pro hac vice application forthcoming*)
Pietragallo Gordon Alfano
  Bosick & Raspanti, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
EGS@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

*Attorneys for Howard Hanna Real Estate Services*

11

*/s/ Jams D. Lawrence*
James D. Lawrence (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Email: jim.lawrence@bclplaw.com

Timothy R. Beyer (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
Email: tim.beyer@bclplaw.com

Lindsay Sklar Johnson (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
Email: lindsay.johnson@bclplaw.com

Emilee L. Hargis, IL #6325656 (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
211 N. Broadway
St. Louis, MO 63102
Telephone: (314) 259-2028
Email: emilee.hargis@bclplaw.com

*Attorneys for United Real Estate Group*

*/s/ Michael W. Scarborough*
Michael W. Scarborough (admitted *pro hac vice*)
Dylan I. Ballard (admitted *pro hac vice*)
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979–6900
mscarborough@velaw.com
dballard@velaw.com

Adam L. Hudes (admitted *pro hac vice*)
Stephen M. Medlock
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639–6500
ahudes@velaw.com
smedlock@velaw.com

*Attorneys for Weichert Real Estate Affiliates, Inc., d/b/a/ Weichert Realtors*

*/s/ Chahira Solh*
Chahira Solh (admitted *pro hac vice*)
Daniel A. Sasse (admitted *pro hac vice*)
Eric Fanchiang (admitted *pro hac vice*)
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com
efanchiang@crowell.com

*Attorneys for Compass, Inc.*

*/s/ George D. Sax*

| | |
|---|---|
| George D. Sax, Esq. (Atty No. 6279686) | Constantine "Dean" Z. Pamphilis (admitted |
| SCHARF BANKS MARMOR LLC | *pro hac vice*) |
| 333 W. Wacker Drive, Suite 450 | KASOWITZ BENSON TORRES LLP |
| Chicago, Illinois 60606 | 1415 Louisiana Street, Suite 2100 |
| (312) 726-6000 | Houston, TX 77002 |
| gsax@scharfbanks.com | Phone: 713.220.8800 |
| | Facsimile: 713.222.0843 |
| Marc E. Kasowitz (admitted *pro hac vice*) | Email: dpamphilis@kasowitz.com |
| Hector Torres (admitted *pro hac vice*) | |
| Kenneth R. David (admitted *pro hac vice*) | |
| KASOWITZ BENSON TORRES LLP | |
| 1633 Broadway | |
| New York, NY 10019 | |
| Phone: 212.506.1700 | |
| Facsimile: 212.506.1800 | |
| Email: mkasowitz@kasowitz.com | |
| Email: htorres@kasowitz.com | |
| Email: kdavid@kasowitz.com | |

*Attorneys for Douglas Elliman Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2024, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: February 14, 2024 /s/ *Claire Noelle Forde*
Claire Noelle Forde