IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>COMPASS, INC.; EXP WORLD HOLDINGS, INC.; REDFIN CORP; WEICHERT REAL ESTATE AFFILIATES, INC., D/B/A WEICHERT REALTORS; and UNITED REAL ESTATE HOLDINGS, LLC D/B/A UNITED REAL ESTATE GROUP,<br><br>  Defendants. | Case No. 1:23-cv-15618<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

I.     **Nature of the Case**

    **A. Identify the attorneys of record for each party.**

| Plaintiffs |
|---|
| Randall Ewing, Korein Tillery LLC |
| George Zelcs, Korein Tillery LLC |
| Ryan Cortazar, Korein Tillery LLC |
| Michael Klenov, Korein Tillery LLC |
| Carol O'Keefe, Korein Tillery LLC |
| Vincent Briganti, Lowey Dannenberg, P.C. |
| Christian Levis, Lowey Dannenberg, P.C. |
| Claire Noelle Forde, Lowey Dannenberg, P.C. |
| |
| **Redfin Corporation** |
| Robert Sperling, Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Eyitayo St. Matthew-Daniel, Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Harris Kay, Davis Wright Tremaine LLP |
| Robert Maguire, Davis Wright Tremaine LLP |

| |
|---|
| Gerald A. Stein, Davis Wright Tremaine LLP |
| Yoni Rosenzweig, Davis Wright Tremaine LLP |
| MaryAnn T. Almeida, Davis Wright Tremaine LLP |
| Emily Parsons, Davis Wright Tremaine LLP |
| |
| **eXp World Holdings, Inc.** |
| James Morsch, Saul Ewing LLP |
| Francis Riley, III, Saul Ewing LLP |
| Jason McElroy, Saul Ewing LLP |
| Brian Drockton, Saul Ewing LLP |
| |
| **United Real Estate Holdings LLC d/b/a United Real Estate Group** |
| James D. Lawrence, Bryan Cave Leighton Paisner LLP |
| Timothy R. Beyer, Bryan Cave Leighton Paisner LLP |
| Lindsay S. Johnson, Bryan Cave Leighton Paisner LLP |
| Emilee L. Hargis, Bryan Cave Leighton Paisner LLP |
| |
| **Weichert Real Estate Affiliates, Inc., d/b/a Weichert Realtors** |
| Michael Scarborough, Vinson & Elkins |
| Dylan Ballard, Vinson & Elkins |
| Adam Hudes, Vinson & Elkins |
| Stephen Medlock, Vinson & Elkins |
| |
| **Compass** |
| Chahira Solh, Crowell & Moring LLP |
| Daniel Sasse, Crowell & Moring LLP |
| Eric Fanchiang, Crowell & Moring LLP |
| Sima Namiri-Kalantari, Crowell & Moring LLP |

**B. State the basis for federal jurisdiction.**

**Plaintiffs' Position:** Plaintiffs allege that this Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2), because the classes contain more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, and at least one member of each class is a citizen of a State different from Defendant.

Plaintiffs allege that this Court has personal jurisdiction over Defendants Compass, Inc. ("Compass"), eXp World Holdings, Inc. ("eXp"), Redfin Corp. ("Redfin"), United Real Estate Holdings LLC ("United Real Estate"), and Weichert Real Estate Affiliates, Inc. ("Weichert") because they conduct business in this state or have franchisees and/or agents in Illinois for which they enter into contractual arrangements requiring those franchisees and agents to implement the alleged anticompetitive agreements at issue in this lawsuit.

**Defendants' Position:** Defendants maintain that the Court lacks personal jurisdiction over them for the reasons discussed in their motions to dismiss. *See* ECF Nos. 122-126. United

disputes that it conducts any business in the state or has franchisees and/or agents in Illinois which would subject it to personal jurisdiction in this Court.

### C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

**Plaintiffs' Position:** Plaintiffs assert that Defendants entered into anticompetitive agreements in violation of the laws of numerous states to the detriment of homebuyers. Specifically, Plaintiffs allege that the Defendants agreed to a set of rules to restrain competition in the market for buyer-agent broker services, including, but not limited to, requiring home-sellers to offer a uniform commission for buyer-agent services, permitting buyer-agents to sort and filter home based on the amount or existence of buyer-agent commissions, permitting buyer-agents to steer homebuyers to properties offering more favorable commission terms for the buyer-agent, allowing buyer-agents to misrepresent their services as "free," and prohibiting the negotiation of buyer-agent compensation. Plaintiffs allege that these anticompetitive practices harmed homebuyers because they increased the purchase price for homes and/or caused them to pay more than they otherwise would have for a comparable house. Plaintiffs' counsel have brought similar claims against other Defendants, including: *Batton et al. v. The Nat'l Assn. of Realtors, et al.*, 21-cv-430 (N.D. Ill.) ("*Batton I*"); *Davis v. Hanna Holdings, Inc.*, 2:24-cv-02374 (E.D. Pa.) ("*Davis*"); and *Lutz v. HomeServices of America, Inc., et al.*, 4:24-cv-10040 (S.D. Fla.) ("*Lutz*").

Plaintiffs challenge substantially the same set of rules and practices that were challenged in cases brought by home-sellers: *Burnett, et al. v. The Nat'l Assn. of Realtors, et al.*, 19-cv-332 (W.D. Mo.) ("*Burnett*"); *Moehrl, et al. v. The Nat'l Assn. of Realtors*, et al., 19-cv-1610 (N.D. Ill.) ("*Moehrl*"); *Nosalek, et al v. MLS Property Information Network, et al.*, 20-cv-12244 (D. Mass.) ("*Nosalek*"); and *Gibson, et al. v. The Nat'l Assn. of Realtors, et al.*, 4:23-cv-00788 (W.D. Mo.) ("*Gibson*"). Nationwide settlements in those cases were recently preliminary approved with respect to some Defendants. Plaintiffs intend to object to final approval, and appeal the final approval order if necessary, concerning the interpretation of the release included therein. Regardless of the outcome, the releases in those settlements will not release the claims asserted herein for those who never sold a home or who opt out of the settlements.

**Defendants' Position:** In submitting this joint status report, Defendants do not waive any defenses that may be available to them, including without limitation any defenses relating to service, process, arbitration, and jurisdiction.

Defendants dispute Plaintiffs' claims and allegations in their entirety. Among other things, there are no factual allegations supporting Plaintiffs' conclusory assertion that the Defendants made any agreement with each other, much less any agreement that violates antitrust laws. Defendants also dispute Plaintiffs' claims that they have standing or are appropriate class representatives; that Defendants entered into any anticompetitive agreements or otherwise engaged in any anticompetitive behavior; that this venue is appropriate; that there is personal jurisdiction over all Defendants; that a class action is an appropriate vehicle for this matter; that either of the classes alleged is adequate or proper; that the claims are not time barred; that any of the Plaintiffs have been harmed by any purported conduct by Defendants; and that Plaintiffs have pleaded enough facts to survive a motion to dismiss, or that amendment of the claims is possible to cure any defects. Defendants also reserve their rights to argue that Plaintiffs were required to

arbitrate their claims or that this lawsuit is otherwise improper. Defendants reserve their rights to raise additional defenses based on discovery in this case.

Defendants also dispute Plaintiffs' representations regarding the similarities of this case to other matters.

> **D.  Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Plaintiffs seek monetary damages under state law. The amount of damages will be subject to extensive expert discovery and testimony, but Plaintiffs estimate that damages for the alleged class or classes exceed $1 billion. Defendants dispute Plaintiffs' claim that they have been damaged or that they are entitled to any sum of damages.

> **E.  List the names of any parties who have not yet been served.**

All parties have been served.

## II.  Discovery and Pending Motions

> **A.  Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

The Parties' Joint Motion for Entry of an Agreed Order Regarding Production of ESI (Dkt. 129) was filed July 18, 2024, and remains pending.

Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 126) was filed June 21, 2024, and remains pending. The motion is fully briefed (Dkt. 126, 133, and 142).

Defendants' Joint Motion to Strike Plaintiffs' Class Action Allegations (Dkt. 127) was filed June 21, 2024, and remains pending. The motion is fully briefed (Dkt. 127, 132, and 144).

Weichert's, eXp's, and United Real Estate's motions to dismiss for lack of personal jurisdiction (Dkt. 122, 123, 125) were filed June 21, 2024, and remain pending. The motions are fully briefed (Dkt. 122-1, 124, 125-1, 131, 141, 143, and 147).

> **B.  What is the current discovery schedule?**

The Court has not yet entered a discovery schedule. Following the last status conference, the Court ordered the parties to submit a status report setting forth "a proposed schedule for reasonable phased discovery as discussed on the record." (Dkt. 113). In their last status report, the parties proposed the following:

> The parties have agreed that Plaintiffs may serve their initial requests for production immediately, that Defendants shall respond within the timeframes set forth in the Federal Rules of Civil Procedure, and the parties will begin meeting and conferring to the extent possible in an attempt to reach agreement on the scope of productions. Absent a future agreement otherwise, the parties agree that Defendants need not

begin collecting, reviewing, and producing documents, and that Plaintiffs will not file any discovery motions, until this Court rules on the pending motions. The parties will meet and confer regarding the case schedule, to the extent necessary, once the Court has ruled upon Defendants' Rule 12 motions.

**C. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**

The parties exchanged their initial disclosures on April 15, 2024.

Plaintiffs have served their First Requests for the Production of Documents on Defendants. Defendants have served their responses and objections. The parties will soon begin meeting and conferring as discussed at previous status conferences and in the proposal above. The parties continue to agree that Defendants need not begin collecting, reviewing, and producing documents, and that Plaintiffs will not file any discovery motions, until this Court rules on the pending motions.

**D. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

There have been no substantive rulings in this case. On February 20, 2024, Judge Wood ruled on Defendants' motions to dismiss in *Batton et al. v. National Association of Realtors et al.*, No. 21-cv-00430 (N.D. Ill.), ("*Batton I*"), ECF No. 125 (Order granting in part and denying in part *Batton I* Defendants' motion to dismiss Plaintiffs' Amended Class Action Complaint).

**E. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment. Please note that a dispositive motion schedule will typically not be set until all discovery is complete.**

<u>**Plaintiffs' Position:**</u> Plaintiffs anticipate filing a motion for leave to amend the Complaint to add additional plaintiffs and alleged class representatives. Plaintiffs will provide a redline of the proposed amendments to Defendants in advance of filing the motion for leave to amend in order to ascertain their position. Plaintiffs believe this amendment need not moot the currently pending motions to dismiss, as the amendment will only be to join parties and not to alter any substantive allegations. Plaintiffs believe that with discovery yet to begin, there can be no prejudice to Defendants by virtue of any amendment to add additional class representatives. While Defendants seem to take issue below with Plaintiffs' prior amendments, they have insisted that discovery not begin yet in this case, and amendments to the complaint have been necessary, in part, to respond to Defendants' jurisdictional arguments and the interpretation some of the Defendants will likely take with respect to settlement releases in *Gibson* and their effect on class representatives who both bought and sold a home.

Plaintiffs' counsel has amended their complaint in *Davis* to add the same plaintiffs. Plaintiffs' counsel intend to amend their complaints to add the same plaintiffs in *Batton I* and *Lutz* to the same effect and to better coordinate discovery across the pending cases. Once that is

resolved, Plaintiffs intend to propose, and move the Court for entry of, a coordination order to maximize discovery efficiency across the set of related cases. Even assuming the cases proceed on different schedules, Plaintiffs believe coordination will be useful to reduce duplicative discovery and proceedings.

Plaintiffs will file a motion to certify a class or classes at the appropriate time. Plaintiffs have not yet determined if they will file a motion for summary judgment.

**Defendants' Position:** At the February 28, 2024 status conference, Judge Wood requested that Plaintiffs state whether they intended to file an amended complaint in this case and that the parties discuss whether and how to streamline briefing to account for the rulings handed down in *Batton I*. Plaintiffs indicated that they were "standing on their complaint at this time[.]" ECF No. 98 at 2. On April 15, 2024, Defendants filed motions to dismiss Plaintiffs' complaint pursuant to Fed. P. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6), *see* ECF Nos. 103-107, 109-110; Defendants also moved to strike Plaintiffs' complaint pursuant to Rule 12(f), *see* ECF No. 108. The parties filed a joint status report on April 26, 2024. ECF No. 111. Despite Plaintiffs' stated position at the February status conference and no indication of an intent to amend their complaint in the April 26 status report, Plaintiffs filed an amended complaint on May 6, 2024. ECF No. 112. Defendants' motions were accordingly moot and Defendants had to move to dismiss and move to strike the new complaint on June 21, 2024. *See* ECF Nos. 122-127.

On August 30, 2024, five days before Defendants' deadline to file their reply briefs in support of their motions to dismiss and motion to strike, Plaintiffs indicated via email that they intended to move for leave to amend the complaint again. Defendants asked for a copy of the proposed redlines in order to evaluate their position. Plaintiffs have not provided any redline to Defendants as of today's date. Accordingly, Defendants have not taken any position on the issue of leave to amend at this point. Defendants note, however, that Plaintiffs have already had multiple opportunities to amend their complaint in this matter.

Plaintiffs' request to "coordinate discovery across the pending cases" is something Plaintiffs already requested before Judge Wood. At the February 28, 2024 status hearing, the Court indicated that "certainly it makes sense for the discovery schedules [in *Batton I* and this case] to be individually determined. They're going to be different." ECF No. 98-1 at 22. Unlike in *Batton I*, Defendants in this litigation have not produced materials in the other cases alleging the same or similar conduct to that alleged in Plaintiffs' complaint. Moreover, this case was filed three years after *Batton I*. Defendants are also concerned that Plaintiffs may argue later in their promised motion for "a coordination order to maximize discovery efficiency across the set of related cases" that this case be put on the same discovery schedule as indirect, buyer-side cases in other jurisdictions or that *Batton I* and this case should be tried together. Defendants will oppose Plaintiffs' efforts to expedite discovery in this action since the Defendants in this action are not parties to *Batton I*, *Davis* or *Lutz*, and those actions are at significantly different stages of discovery.

Defendants plan to file motion(s) for summary judgment, assuming their motions to dismiss are denied.

III.     **Trial**

    **A.  Have any of the parties demanded a jury trial?**

        Plaintiffs have demanded a jury trial.

    **B.  What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

        The Court has not yet set a trial date.

    **C.  Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

        The Parties have not yet filed a final pretrial order and the Court has not yet set a deadline for filing a final pretrial order.

    **D.  Estimate the number of trial days.**

        The parties estimate that trial will require 20-30 days.

IV.     **Settlement, Referrals, and Consent**

    **A.  Have any settlement discussions taken place? If so, what is the status?**

        Settlement discussions between Plaintiffs and one Defendant are ongoing. No other settlement discussions have taken place.

    **B.  Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

        This case has not been referred to the Magistrate Judge for discovery supervision or a settlement conference.

    **C.  Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

        The parties do not request a settlement conference at this time.

    **D.  Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

        The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and they do not unanimously consent to that procedure.

**V.**        **<u>Other</u>**

    **A.  Is there anything else that the plaintiff(s) wants the Court to know?**

        No.

    **B.  Is there anything else that the defendant(s) wants the Court to know?**

        Not at this time.

*Counsel for Plaintiffs and the Proposed Class*

*/s/ Randall P. Ewing, Jr.*
George A. Zelcs (Ill. Bar No. 3123738)
 Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312.641.9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Michael E. Klenov (Ill. Bar No. 6300228)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite
3600 St. Louis, MO 63101
Telephone: 314.241.4844
mklenov@koreintillery.com
cokeefe@koreintillery.com

Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Noelle Forde (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914.997.0500
vbriganti@lowey.com
clevis@lowey.com
nfeigenbaum@lowey.com

*Counsel for Defendant Redfin Corporation*

*/s/ Harris Kay*

**DAVIS WRIGHT TREMAINE LLP**
300 North La Salle Street, Suite 2200
Chicago, IL 60654
Tel: 312.820.5460
HarrisKay@dwt.com

Gerald Stein, (pro hac vice)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: 212.489.8230
GeraldStein@dwt.com

Robert J. Maguire (pro hac vice)
MaryAnn Almeida, (pro hac vice)
Emily Parsons (pro hac vice)
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
RobMaguire@dwt.com
MaryAnnAlmeida@dwt.com
EmilyParsons@dwt.com

Robert Y. Sperling (Ill. Bar No. 2688093)
Eyitayo St. Matthew-Daniel (pro hac vice)
Tenisha L. Williams (pro hac vice)
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
tstmatthewdaniel@paulweiss.com

*Counsel for Defendant eXp World Holdings, Inc.*

*/s/ James A. Morsch*
James A. Morsch (#6209558)
**SAUL EWING LLP**
321 N. Clark, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7866
jim.morsch@saul.com

Francis X. Riley, III (pro hac vice)
**SAUL EWING LLP**
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3142
francis.riley@saul.com

*Counsel for United Real Estate Holdings LLC d/b/a United Real Estate Group*

*/s/ James D. Lawrence*
James D. Lawrence (pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
jim.lawrence@bclplaw.com

Timothy R. Beyer (pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
tim.beyer@bclplaw.com

Lindsay Sklar Johnson (pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
lindsay.johnson@bclplaw.com

Emilee L. Hargis, IL #6325656 (pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 N. Broadway
St. Louis, MO 63102
Telephone: (314) 259-2028
emilee.hargis@bclplaw.com

*Counsel for Defendant Weichert Real
Estate Affiliates, Inc., d/b/a Weichert
Realtors*

*/s/ Michael W. Scarborough*
Michael W. Scarborough (pro hac vice)
Dylan I. Ballard (pro hac vice)
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
mscarborough@velaw.com
dballard@velaw.com


Adam L. Hudes (pro hac vice)
Stephen M. Medlock
2200 Pennsylvania Avenue NW
Suite 500 West
Washington DC 20037
Telephone: (202) 639-6500
ahudes@velaw.com
smedlock@velaw.com

*Counsel for Defendant Compass, Inc.*

*/s/ Chahira Solh*
Chahira Solh (pro hac vice)
Daniel A. Sasse (pro hac vice)
Eric Fanchiang (pro hac vice)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com
efanchiang@crowell.com


Sima Namiri-Kalantari (pro hac vice)
**CROWELL & MORING LLP**
515 S. Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
snamiri@crowell.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 25, 2024, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: September 25, 2024                              <u>*/s/ Randall P. Ewing, Jr.*</u>
                                                             Randall P. Ewing, Jr.