**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and STEVEN EWALD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMPASS, INC.; EXP WORLD HOLDINGS, INC; REDFIN CORPORATION; WEICHERT REAL ESTATE AFFILIATES, INC. d/b/a WEICHERT REALTORS; and UNITED REAL ESTATE HOLDINGS LLC d/b/a UNITED REAL ESTATE GROUP, <br><br> Defendants. | Case No. 1:23-cv-15618 <br><br> Hon. LaShonda A. Hunt |

**MEMORANDUM OF DEFENDANTS COMPASS, INC. AND UNITED REAL ESTATE HOLDINGS LLC d/b/a UNITED REAL ESTATE GROUP IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENTS**

Defendants Compass, Inc. ("Compass") and United Real Estate Holdings LLC d/b/a

United Real Estate Group ("United") (together, "Moving Defendants") have entered into

settlement agreements with the plaintiffs in *Tuccori v. At World Properties, LLC*, No. 1:24-cv-

00150 (N.D. Ill.).[1]  The *Tuccori* settlements—if approved—would resolve all claims against

Moving Defendants in this case, and together with the class settlements in *Gibson, et al., v.*

*Compass, Inc., et al.*, No. 4:23-cv-00788-SRB (W.D. Mo.), all claims against Moving

Defendants related to the alleged conspiracy as a whole. Moving Defendants respectfully request

---

[1] *Tuccori* plaintiffs have filed an under seal submission in that matter, alerting the *Tuccori* court to the various settlements that have been reached. *See* Plaintiffs' Status Report Regarding Settlements with Prospective Opt-in Settlors, *Tuccori*, No. 1:24-cv-00150 (N.D. Ill. April 21, 2026), ECF No. 143.

that the Court stay proceedings in this case as to Moving Defendants pending final approval of their settlement with *Tuccori* plaintiffs, consistent with the Court's recent stay of proceedings in *Batton I*. *Batton, et al., v. National Association of Realtors, et al.*, No. 1:21-cv-00430 (N.D. Ill.) ("*Batton I*"), ECF No. 328. With the Court's decision on the Motion to Dismiss on March 24, 2026, the Court's prior stay is lifted, and corresponding deadlines are set. The deadline to answer the surviving claims in the Second Amended Complaint is April 28, 2026. (ECF No. 189.) The parties must file a joint status report concerning the case schedule on May 12, 2026, which will outline the deadlines related to fact discovery. (ECF No. 189.)

It would be unduly burdensome on the Court and parties for litigation to proceed when settlements have been reached. In *Batton I*, the Court recently concluded that "it would not be proper" to continue litigation in light of the Seventh Circuit appeals and the upcoming "fairness hearing" before Judge Jenkins. (Transcript 6.) The Court further explained that "we don't want conflicting opinions—decisions between us. I don't think that benefits anyone." (Transcript 11.) The same is true here. Moving Defendants therefore respectfully request the Court to enter the same stay.

## ARGUMENT

District Courts have "broad discretion to stay proceedings," incident to their power to control their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a stay, the Court balances the competing interests of the parties, considering: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (citations omitted).

2

Courts routinely grant stays pending the final approval of class settlements that would resolve the case against the Defendant. *See, e.g., Lynn Scott, LLC v. Grubhub, Inc.*, No. 20-CV-6334, 2022 WL 10535473, at *1 (N.D. Ill. Oct. 18, 2022) (declining to lift a stay previously entered "pending resolution of an overlapping class action"); *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008), *as amended* (Feb. 28, 2008). This Court has done the same, staying the claims as to Plaintiff James Mullis, pending decision of the appeals in *Gibson* before the Eighth Circuit, which would extinguish any remaining claims brought by Mullis in this case. (ECF No. 167.) For similar reasons that the Court granted a stay in *Batton I* for National Association of REALTORS ® ("NAR"), (ECF No. 328), a similar stay should be granted to here for Moving Defendants.

### A. A Stay Will Simplify the Issues and Streamline the Case, Including Reducing Burden on the Parties and the Court.

A stay as to Moving Defendants will greatly reduce the parties' and the Court's burden, as Moving Defendants have not participated in discovery in any related litigation concerning the alleged conspiracy here. Moving Defendants have not previously pulled custodian materials or undertaken a document review unlike other defendants who were sued in *Moerhl* or *Burnett*. It does not have prepackaged production materials from another matter that it may negotiate to submit here as plaintiffs' counsel has done to date in connection with discovery in *Batton I* (and related cases such as *Lutz* pending in the Southern District of Florida). *Lutz, et al., v. HomeServices of America, Inc., et al.*, No. 4:24-cv-10040-KMM (S.D. Fla.). Moving Defendants would be beginning discovery "from scratch," undertaking an onerous process to develop facts, produce materials, and present business persons for deposition, all for claims that have been settled through *Tuccori* (and *Gibson*). Without a stay Moving Defendants must also answer a 63-page, 200-paragraph Complaint, setting forth responses to claims that Moving

Defendants have already settled. (ECF No. 163.) Moving Defendants' answers and start of discovery are only the most immediate tasks, but all such efforts would expend unnecessary resources as to claims that have been resolved.

Further, granting a stay as to Moving Defendants will simplify the issues for remaining parties in the case, and streamline the case including the discovery process. The Court has granted Defendant Weichert's stay request in this matter, in order to undertake mediation with Plaintiffs—one that Plaintiffs did not oppose. (ECF No. 192.) If granted, Moving Defendants' request for a stay would pause discovery for two more parties. Plaintiffs will face two fewer opponents in discovery negotiations; remaining Defendant will face two fewer parties with whom to coordinate timing and efforts; and the Court will face a more streamlined case and parties. A stay as to Moving Defendants avoids expending the Court's limited resources in dealing with discovery disputes as to Moving Defendants and their already-released claims, further preserving judicial resources. This stay further narrows the focus for Plaintiffs and the burden on all parties and the Court.

## B. A Stay Will Not Unduly Prejudice or Disadvantage Plaintiffs.

The stay that Moving Defendants seek will not prejudice or disadvantage Plaintiffs through delay. The stay requested is targeted, only until the *Tuccori* court issues a decision on final approval of Moving Defendants' settlements in that case, and/or issues that have been raised to the Seventh Circuit are resolved. According to the opt-in settlement procedure, Plaintiffs must move for approval of opt-in settlors in less than one month, by May 18, 2026. *Tuccori*, at ECF No. 62. The fairness hearing on all opt-in settlements is expected to occur within a few months thereafter. If preliminary approval is not granted, the stay as to Moving Defendants will conclude and Moving Defendants will resume the case and discovery efforts.

Nor will the stay prejudice Plaintiffs in regards to the schedule. Though fact discovery begins, no schedule is yet in place, so there are no immediate deadlines beyond the Answer and status report submission. And the stay does not prejudice Plaintiffs in bringing their case.

Focusing—as this Court should—on the needs of the class members, these class members' claims are included in the *Tuccori* settlement. Class members can object to, opt out of, or file claims forms to receive the benefits of that settlement. Though Plaintiffs intend to bring objections to the *Tuccori* settlements, such objections should not impact the Court's decision here. Plaintiffs are free to argue against their class members' interests and oppose settlements (in *Tuccori*) that would provide class members with guaranteed, prompt relief, in order to pursue litigation against those same defendants here entering the start of the long discovery and expert and class certification processes. There is a process for such objections, which will be before the *Tuccori* court to examine, but such objections should not force parties to proceed in discovery on claims that have already been settled elsewhere. *See Lynn Scott, LLC*, 2022 WL 10535473, at *4 (finding it is not the court's task to "usurp the [settling court]'s analysis under Rule 23").

## CONCLUSION

For the foregoing reasons, Defendants Compass and United respectfully request that the Court grant the Motion and enter an order staying all proceedings and deadlines as to Moving Defendants.

\* \* \*

Dated: April 27, 2026

Respectfully submitted,

/s/ Chahira Solh
Chahira Solh (admitted *pro hac vice*)
Daniel A. Sasse (admitted *pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com

*Attorneys for Compass, Inc.*

/s/ Emily L. Hargis
Emilee L. Hargis, IL #6325656
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2028
emilee.hargis@bclplaw.com

James D. Lawrence (*admitted pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
jim.lawrence@bclplaw.com

Timothy R. Beyer (admitted *pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
tim.beyer@bclplaw.com

Lindsay S. Johnson (admitted *pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
lindsay.johnson@bclplaw.com

*Attorneys for United Real Estate Holdings LLC
d/b/a United Real Estate Group*