**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, STEVEN EWALD, JAMES LUTZ, SCOTT DAVIS, NIALL ADAMS, JASON BOOMSMA, THOMAS BRAUN, TIMOTHY CARUSO, SABRINA CLARK, COLLEEN DUVAL, JAMES EDWARDS, RYAN EISNER, CARSON FAIRBOURN, JOHN GARRETT, BRENNON GROVES, DARIN HENDRY, JORDAN KULLMANN, DANIEL PARSONS, JOSHUA PUTT, JOHN SANNAR, ROBERT SAYLES, BEN SHADLE, LISA SHANKUS, BRENT STRINE, CHRISTINE VAN WOERKON, AND SHERRIE WOHL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No. 1:23-cv-15618<br><br>Hon. LaShonda A. Hunt |
| Plaintiffs, | |
| v. | |
| COMPASS, INC.; EXP WORLD HOLDINGS, INC.; REDFIN CORPORATION; WEICHERT REAL ESTATE AFFILIATES, INC. D/B/A WEICHERT, REALTORS; UNITED REAL ESTATE HOLDINGS LLC D/B/A UNITED REAL ESTATE GROUP, | |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to the Court's March 24, 2026 order (Dkt. 189), Plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, James Mullis, Theodore Bisbicos, Steven Ewald, James Lutz, Scott Davis, Niall Adams, Jason Boomsma, Thomas Braun, Timothy Caruso, Sabrina Clark, Colleen Duval, James Edwards, Ryan Eisner, Carson Fairbourn, John Garrett, Brennon Groves, Darin Hendry, Jordan Kullmann, Daniel Parsons, Joshua Putt, John Sannar, Robert Sayles, Ben Shadle, Lisa Shankus, Brent Strine, Christine Van Woerkon, and Sherrie Wohl ("Plaintiffs"), by and through their undersigned attorneys, and Defendants Compass, Inc. ("Compass"), eXp World Holdings, Inc. ("eXp"), Redfin Corporation ("Redfin"), Weichert Real Estate Affiliates, Inc. d/b/a Weichert Realtors ("Weichert"),[1] and United Real Estate Holdings LLC d/b/a/ United Real Estate Group ("UREG") (together, "Defendants"), by and through their undersigned attorneys, respectfully submit this joint status report.

## I.     CASE PLAN

### A.     Discovery Plan

Plaintiffs intend to seek fact discovery, including but not limited to, the production of documents and taking of depositions concerning the adoption, implementation, and effects of the rules and practices identified in the Complaint, third-party discovery related to home purchase transaction data, and information regarding plaintiffs' home purchases. Plaintiffs also intend to seek expert discovery, including but not limited to, on the impact of Defendants' practices on Plaintiffs and the classes, damages, and/or the propriety of class certification.

If this case is not resolved via settlement, as discussed further below, Defendants intend to seek fact discovery, including, but not limited to, the production of documents concerning

---

[1] The case is stayed as to Defendant Weichert. Dkt. 193.

Plaintiffs' real estate transactions and depositions of the named class representatives, as well as potentially discovery from third parties. Defendants will also require expert discovery, including but not limited to the theory of harm, damages, and/or class certification.

### B. Proposed Case Schedule

The parties served initial disclosures on April 15, 2024. On August 1, 2024, Plaintiffs served their first set of requests for production on all Defendants. Defendants served objections on September 3, 2024. The parties agreed that Defendants need not begin collecting, reviewing, and producing documents and Plaintiffs would not file any discovery motions until the Court ruled on the pending motions. *See* Dkt. 157. The Court's March 24, 2026 Order granted in part Defendants' joint motion to dismiss (Dkt. 126) and denied Defendants' joint motion to strike class allegations (Dkt. 127) and the individual motions to dismiss for lack of personal jurisdiction filed by Defendants UREG (Dkt. 122), eXp (Dkt. 123), and Weichert (Dkt. 125). *See* Dkt. 190.

Regarding the remainder of the schedule, the parties have met and conferred and have been unable to reach agreement. The parties' respective proposed schedules are set forth below.

**Plaintiffs' Proposal**: Plaintiffs propose a schedule that readies this case for trial in Spring 2028. Notably, Plaintiffs propose that class certification and merits expert discovery be conducted on the same schedule because of the substantial overlap between the two reports. Plaintiffs submit that this approach will better conserve judicial and party resources, rather than conducting expert and merits discovery separately.

In contrast, Defendants propose an unreasonably long schedule that indicates an inability to diligently litigate this case. Defendants envision a 2030 trial date, which is nearly double the schedule in most civil cases even if counting from today. But this case was filed in 2023, and yet Defendants apparently have not identified the relevant document custodians or even learned the

basics of this case. While the motion to dismiss was pending, the parties were permitted to issue document requests and negotiate production protocols, so Defendants should not be starting from square one. Plaintiffs propounded 56 separate document demands in August 2024, but Defendants suggest they have failed to make progress of any of them. And Defendants' professed ignorance about this case is especially dubious given that most Defendants recently agreed to an opt-in settlement in *Tuccori*, suggesting that they know enough about the facts to satisfactorily gauge their potential litigation exposure, and at least one of them has admitted to already making productions in *Tuccori* despite not even being a party there.

Defendants argue that more time is needed because Plaintiffs have a significant head start over them given the other similar pending homebuyer cases. While Plaintiffs concede they have spent thousands of hours and millions of dollars litigating these other cases, there is no reason to believe Defendants, who are represented by big law firms, need several years to catch up. That task is made significantly easier by Plaintiffs' redacted versions of their expert reports filed in *Batton I* last year that Defendants can immediately access and begin considering. *See Batton et al. v. Nat'l Ass'n of Realtors et al.*, No. 1:21-cv-00430 (N.D. Ill.) ("*Batton I*") at ECF Nos. 243-4 (Abrantes-Metz redacted report), 243-34 (Miller redacted report). Defendants also refuse to take advantage of the important lessons learned from *Batton I*, such as consolidating the class certification and merits expert reports into one stage given the substantial overlap between them. Defendants advocate separate stages for each without any explanation why that is more efficient or better; instead, the only purpose appears to be for delay and added expense.

The fact that Plaintiffs raise claims under 40 state antitrust statutes is no cause for substantial delay. Plaintiffs' underlying theory under those statutes are all essentially the same both legally and factually. In each of those states, Defendants adopted, applied, and enforced

nationwide rules from the National Association of Realtors ("NAR"). Defendants' initial disclosures bear this out. Compass's and Weichert's initial disclosures identify only *one* person who has discoverable information. Redfin's disclosures identify only two Redfin witnesses, the named plaintiffs, and unidentified NAR representatives. United Real Estate's disclosures only identify two witnesses. While damages will likely differ between the various states, Plaintiffs have already spent years collecting documents and transaction data from the relevant local multiple listing services ("MLS") that Defendants will not have to replicate. Moreover, nearly every Plaintiff has already made productions in their parallel cases against Defendants' co-conspirators, which can be re-produced here almost immediately.

In sum, Defendants' lackadaisical approach to litigation is unwarranted. Plaintiffs therefore propose this schedule that is more consistent with a traditional civil litigation timeline:

| Event | Proposed Deadlines |
|---|---|
| Substantial Completion of document production | November 20, 2026 |
| Amended pleadings asserting new causes of action or defenses | January 22, 2027 |
| Class certification motions | March 1, 2027 |
| Opening expert disclosures/reports for class certification & merits matters in which party bears burden of proof | March 1, 2027 |
| Complete depositions of opening class/merits experts | April 9, 2027 |
| Response to motion for class certification | April 16, 2027 |
| Response class/merits expert disclosures/reports | April 16, 2027 |
| Complete depositions of response class/merits experts | May 21, 2027 |
| Reply to motion for class certification | May 28, 2027 |
| Fact and expert discovery closes | August 27, 2027 |

| Summary judgment and motions to exclude experts | September 8, 2027 |
|---|---|
| Responses to summary judgment and motions to exclude experts | October 13, 2027 |
| Replies to summary judgment and motions to exclude experts | October 27, 2027 |
| Motions in *limine,* deposition designations, & other pre-trial disclosures | January 26, 2028 |
| Responses to Motions *in limine,* deposition counter-designations, & responses to other pre-trial disclosures | February 16, 2028 |
| Replies to Motions *in limine,* reply-designations, & replies to other pre-trial disclosures | March 1, 2028 |
| Trial (depending on Court availability) | April 2028 |

**Defendants' Proposal:** In seeking an expedited and unrealistic discovery schedule that requires substantial completion of document production in just over six months, Plaintiffs fail to account for the fact that their complaint asserts approximately 40 different antitrust and consumer protection statutes under a variety of state laws. Complex antitrust cases such as this one require sufficient time to complete discovery. And Plaintiffs contemplate significant discovery, having already propounded 56 separate document demands (most of which contain multiple subparts), that have been stayed to this point. Plaintiffs' attempt to force Defendants into an expedited discovery schedule makes little sense for the additional reason that they have given themselves an additional 8 months from now to seek leave to serve "amended pleadings" that may assert "new causes of action." Thus, while imposing a Herculean task on Defendants, Plaintiffs may seek to alter the course of the litigation.

Among several additional reasons why Plaintiffs' proposed schedule does not work, Plaintiffs' proposed timeline for class certification illustrates well the one-sided nature of their

proposal. Plaintiffs have had years to prepare their class certification motion and will no doubt attempt to rely on what they have learned in *Batton et al. v. Nat'l Ass'n of Realtors et al.*, No. 1:21-cv-00430 (N.D. Ill.) ("*Batton I*"). They seek to exploit that advantage by forcing Defendants to complete the deposition of Plaintiffs' class expert within 39 days of first receiving Plaintiffs' expert report and then require Defendants to submit their opposition to class certification only seven days after that. Virtually every other deadline sought by Plaintiffs suffers from the same gross disparities and fails to take into account the realistic time needed for discovery in a complex litigation such as this.

Defendants' proposal takes into account the complexities of this litigation and reflects a measured and realistic schedule that is consistent with the timelines used in comparable antitrust cases and allows the parties to conduct discovery in an orderly manner. Defendants' proposed schedule more closely tracks the timelines used in the seller-side cases that first addressed these issues through discovery and is more appropriate for a complex, multi-defendant antitrust conspiracy case. For example, in *Sitzer*, the deadline for class certification was 467 days after Defendants filed their answer, and fact discovery closed 684 days after Defendants filed their answers. *Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, Amended Scheduling Order, Dkt. 203 (W.D. Mo. Jan. 31, 2020). Defendants' proposed deadlines here are only modestly longer, which makes sense because *Sitzer*'s case schedule governed litigation based on only one federal claim and claims under one state's laws. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, First Amended Class Action Complaint, Dkt. 38 (W.D. Mo. June 21, 2019). Plaintiffs here assert claims pursuant to over 40 state antitrust and consumer protection statutes, significantly increasing the legal and factual complexity of the case.

7

Even in *Batton I*, the Court ultimately adopted a schedule that provided more time than Plaintiffs propose here. *Compare Batton I*, Dkt. 155 (N.D. Ill. May 7, 2024) (setting substantial completion deadline 249 days after April 15, 2024 answer deadline) *with* Plaintiffs' proposal (198 days after April 28, 2026 answer deadline). And in *Batton I*, discovery focused on prior antitrust productions in seller cases by those defendants, which is not the case for Defendants in this action (other than eXp). The parties have not negotiated, much less reached agreement, on the scope of Plaintiffs' requests, the identity of custodians, or the number of custodians whose files will need to be searched. Once those issues are resolved, Defendants will need substantial time to collect, review, and produce documents responsive to Plaintiffs' sweeping requests.

Defendants have at all times fully complied with this Court's orders and the parties' agreements regarding discovery and have had no obligation to conduct any discovery during the stay. *See* Dkt. 157 ("Defendants ***need not begin collecting, reviewing, and producing documents*** and Plaintiffs will not file any discovery motions until the Court rules on the pending motions." (emphasis added)). Defendants reasonably anticipated that their motion to dismiss would be granted, obviating any need to conduct discovery. Indeed, the point of the stay is to preserve resources. Thus, contrary to Plaintiffs' assertions, Defendants have not delayed this case in any way.

For these reasons, Defendants urge the Court to accept the following proposal:

| Item | Proposed Deadlines |
|---|---|
| Plaintiffs to file motion for class certification and supporting expert reports | November 12, 2027 |
| Defendants to file their responses to Plaintiffs' class certification motion and supporting expert reports, and Daubert motions directed to Plaintiffs' class certification experts | January 29, 2028 |

| Item | Proposed Deadlines |
|---|---|
| Plaintiffs to file their reply in support of class certification and supporting rebuttal expert reports, responses to Defendants' Daubert motions regarding Plaintiffs' class certification experts, and Daubert motions regarding Defendants' calls certification experts | April 17, 2028 |
| Defendants to file their replies in support of their Daubert motions regarding Plaintiffs' class certification experts and responses to Plaintiffs' Daubert motions regarding Defendants' class certification experts | July 14, 2028 |
| Plaintiffs to file their replies in support of their Daubert motions | September 12, 2028 |
| Completion of fact discovery (including from third parties) | November 3, 2028 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | February 2, 2029 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | May 4, 2029 |
| Close of expert discovery | July 13, 2029 |
| Dispositive motions due | September 14, 2029 |

## II.  STATUS OF SETTLEMENT DISCUSSIONS

The case is stayed as to Defendant Weichert pending mediation. Dkt. 193. Defendants eXp, UREG, and Compass, each have reached a settlement in *Tuccori, et al. v. At World Properties, LLC, et al.,* in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 1:24-cv-00150 (Jenkins, J.). eXp, UREG, and Compass assert that each of their settlements dispose of the claims against them in this action. No other settlement discussions have taken place.

Plaintiffs understand that the settlements reached between eXp, United, and Compass and the *Tuccori* Plaintiffs release only the claims of homebuyers who are not subject to settlements in

related seller litigation, such as first-time homebuyers. Accordingly, Plaintiffs understand that these *Tuccori* settlements do not resolve all claims in this case. Even if they did, Plaintiffs assert that these settlements—whereby eXp, United, and Compass purchase a release of claims from attorneys in another case in this District who never sued Defendants and who made clear they never intended to sue Defendants—is an improper abuse of the judicial system and the class-action device. Plaintiffs have always been willing, ready, and able to resolve the claims presented in this lawsuit in whole or in part with Defendants.

eXp, UREG, and Compass dispute Plaintiffs' characterizations of their respective settlements.[2]

The Parties do not request a settlement conference at this time.

Respectfully submitted,

Dated: May 12, 2026

---

[2] eXp, UREG, and Compass understand that a motion for preliminary approval of those settlements will be filed on May 18, 2026. The *Tuccori* court has already denied a request to stay those proceedings pending an intervenor appeal. *See Tuccori*, No. 1:24-cv-00150 (Dkt. 161).

10

*Counsel for Plaintiffs and the Proposed Class*

/s/Randall P. Ewing, Jr.

**KOREIN TILLERY, LLC**
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
serezney@koreintillery.com

**LOWEY DANNENBERG, P.C.**
Vincent Briganti (pro hac vice)
Margaret MacLean (pro hac vice)
Noelle Forde (pro hac vice)
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
mmclean@lowey.com
nforde@lowey.com

*Counsel for Defendant Redfin Corporation*

/s/ Robert Maguire

**DAVIS WRIGHT TREMAINE LLP**
Robert Maguire (pro hac vice)
MaryAnn Almeida (pro hac vice)
Emily Parsons (pro hac vice)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
RobMaguire@dwt.com
MaryAnnAlmeida@dwt.com
EmilyParsons@dwt.com

Gerald A. Stein (pro hac vice)
1251 Avenue of the Americas
42nd Floor
New York, NY 10020
Tel: 212.402.4095
GeraldStein@dwt.com

*Counsel for United Real Estate Holdings LLC d/b/a United Real Estate Group*

/s/ Emilee Hargis
Emilee Hargis

**BRYAN CAVE LEIGHTON PAISNER LLP**
211 N. Broadway
St. Louis, MO 63102
Telephone: (314) 259-2028
emilee.hargis@bclplaw.com

James D. Lawrence (*admitted pro hac vice*)
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
jim.lawrence@bclplaw.com

Timothy R. Beyer (pro hac vice)
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000

11

tim.beyer@bclplaw.com

Lindsay Sklar Johnson (pro hac vice)
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
lindsay.johnson@bclplaw.com


***Counsel for Defendant eXp World
Holdings, Inc.***

*/s/ James A. Morsch*

**SAUL EWING LLP**
James A. Morsch (#6209558)
321 N. Clark, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7866
jim.morsch@saul.com

Francis X. Riley, III (pro hac vice)
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3142
francis.riley@saul.com


***Counsel for Defendant Compass, Inc.***

*/s/ Chahira Solh*

**CROWELL & MORING LLP**
Chahira Solh (admitted *pro hac vice*)
Daniel A. Sasse (admitted *pro hac vice*)
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com

12

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 12, 2026, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: May 12, 2026

*/s/ Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.